Peter W. Cavette (Ca Bar # 50261)
55 W. Sierra Madre Blvd.
Suite 300A
Sierra Madre, CA 91024
(626) 836-4900
(626) 836-5900 (fax)
Attorney for Plaintiffs

FILED
11 OCT 14 AM 9:48
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE FARROW, LOUIE GIAMPAPA, MATT PENDO, MIKE BERGEN, CHARLES POSS, GENE BREWER, ERIK LAGAFUANIA, CURTIS FARROW, TRUSTEES OF THE CONSTRUCTION TEAMSTERS HEALTH & WELFARE TRUST, AKA THE CONSTRUCTION TEAMSTERS SECURITY TRUST, THE CONSTRUCTION TEAMSTERS VACATION-Holiday TRUST, THE CONSTRUCTION TEAMSTERS TRAINING AND UPGRADING TRUST, AND THE CONSTRUCTION TEAMSTERS CONTRACT COMPLAINCE FUND, Plaintiffs, | Case No.: CV11-08510 JAK(AGRx) |
| vs. | COMPLAINT FOR DELINQUENT CONTRIBUTIONS. LIQUIDATED DAMAGES, ATTORNEYS FEES AND COSTS |
| SKANSKA USA CIVIL WEST CALIFORNIA DISTRICT, INC., A California Corporation, Defendant. | [ERISA Sec. 515, 502 (A)(G), 29 U.S.C. Sec. 1145, 1132 (A)(C)(2)] |

Plaintiffs complain and allege:

1. This Court has jurisdiction of this case under Section 502 (e)(1) of the Employee Retirement Securities Act of 1974 (ERISA), as amended (29 U.S.C. 1132 (e), and under Section 301 (a) of the Labor Management Relations Act, as amended [29 U.S.C. Sec. 185 (a)].

2. Plaintiffs are the Trustees of the Construction Teamsters Health & Welfare Trust (formerly known as the Construction Teamsters Security Trust), the Construction Teamsters Vacation-Holiday Trust, the Construction Teamsters Training And Upgrading Trust, and the Construction Teamsters Contract Compliance Trust, hereinafter referred to as the "Trusts". The Trusts are express trusts created by a written agreement, and exist subject to and pursuant to Section 302 of the Labor Management Relations Act (29 U.S.C. Sec. 186) and the Employee Retirement Income Security Act of 1974 (29 U.S.C. Sec. 1001, et seq.). The individual trustees are named fiduciaries within the meaning of 29 U.S.C. 1102 (A)(2).

3. This action is initiated pursuant to Section 301 (a) if the Labor Management Relations Act [29 U.S.C. Section 185 (a)] against an employer engaged in an industry affecting Interstate Commerce and filed pursuant to Section 502 (D) (1) of the Employee Retirement Security Act of 1974 [29 U.S.C. Sec. 1132 (D)(1)].

4. The obligations herein sued were contracted be paid to the Trusts, in the County of Los Angeles, California.

5. Defendant, Skanska USA Civil West District. Inc. is a California corporation, hereinafter referred to as "Defendant", is an employer within the meaning of 29 U.S.C. section 185 (A).

6. On or about June 16, 2011 and March 8, 2007 , Defendant authorized Associated General Contractors (AGC) to represent it in collective bargaining negotiations with Joint Council No. 42 of the International Brotherhood of Teamsters for rates of wages and fringe benefits due to its employees and other persons performing the work categorized as construction teamsters work. Thereafter AGC and the Joint Council of Teamsters entered into a collective bargaining agreement which covered work for the period of January 1, 2009 through March 2011. The agreement was named to the "Master Labor Agreement."

7. In the Master Labor Agreement, Defendant promised to comply with all the terms of Plaintiff's Trust fund agreements and incorporated the same by reference

(section 3001).

8. In the Master Labor Agreement and the trust agreements, Defendant promised that it would contribute and pay the respective trust funds referred to above, fringe benefit contributions for each hour worked (or paid for), by persons performing services covered by said master labor agreement. The amounts paid by the signatory contractor would be paid to the Trust Funds at their place of business in Los Angeles on the 15th day if each successive month, commencing on the 15th day of the month during the term of the Master Labor Agreement. All persons performing craft work on the signatory contactors project are considered employees of the Defendant unless the Defendant is able to prove that he used bona fide owner operators as defined by the Master Labor Agreement.

9. The parties have determined that the regular and prompt payment of employer contributions to the Trust is necessary for the maintenance of the Trusts and the record keeping duties of the trustees, and that it would be extremely difficult, if not impossible, to fix the actual expenses and damage to the Trust Funds which would result form the failure of an individual employer to make prompt payment or to report timely. Accordingly, under the terms of the trust agreements, failure to report or make payments cause the individual employer to be liable for liquidated damages calculated at $35.00 per trust, or 12% of the amount of contributions, whichever is greater.

10. Plaintiffs have complied with all conditions on their part to be performed under the terms of the aforementioned agreements.

11. Defendant has reported hours for the months of January, 2009 through March, 2011 but failed to report nor and pay all fringe benefits. The defendant used third party, non-signatory brokers, for the procurement of water trucks and drivers and has not been able to substantiate to the plaintiffs that the drivers were actually owner operators when they were used on defendant's projects during the aforementioned period. The defendant was audited and billed for under-

reporting on May 11, 2011. The findings were adjusted several times but Skanska has refused to pay the final billing. The bill included a fee of $700.00 for work performed by plaintiffs auditor; that fee is payable by defendant unless the under-reporting was due to a clerical error. Plaintiffs billed the defendant for $117,887.27 in unpaid fringe benefit contributions, $13,518.25 in liquidated damages and $700.00 for the audit fee. Plaintiffs have demanded that defendant pay said $132,105.55 and defendant has refused to pay said sum.

11. It has been necessary for the plaintiffs to hire an attorney for the purpose of collecting said contributions and liquidated damages. The Master Labor Agreement provides that in the event of litigation to collect unpaid contributions, the individual employer will be liable for payment of plaintiffs reasonable attorney fees. 29 U.S.C. section 1132 (G) provides for payment of reasonable attorney fees.

Plaintiffs pray for judgment against defendant as follows:

1. For monetary damages of $132,105.55;

2. For reasonable attorney fees;

3. For plaintiffs cost of suit;

4. For such other and further relief as the court deems just and proper.

Dated: October 11,2011

Peter W. Cavette

[signature]

Attorney for Plaintiffs